## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MAYUR RESHAMWALA,

      *Plaintiff*,

                                 **Case No.:**

    **vs.**

MARRIOTT HOTEL SERVICES, LLC
d/b/a TAMPA MARRIOTT WATER
STREET HOTEL & MARINA,

      *Defendant.*

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MAYUR RESHAMWALA ("Reshamwala" or "Plaintiff"), by and through his undersigned attorneys, brings this civil action against Defendant MARRIOTT HOTEL SERVICES, LLC, d/b/a TAMPA MARRIOTT WATER STREET HOTEL & MARINA ("Marriott" or "Defendant"), and in support states as follows:

### INTRODUCTION

1. This is an action to secure relief, legal, equitable, injunctive, and punitive, based upon Marriott's violations of 42 U.S.C. §§ 1981 and 1982; and common law Intentional Infliction of Emotional Distress ("IIED").

2. While inflicting severe emotional distress upon Reshamwala, the Defendant also discriminated, and interfered, because of Reshamwala's race in contravention of federal statutory rights.

### PARTIES

Page 1 of 7

3. During all relevant times, and within the meaning 42 U.S.C. §§ 1981 and 1982, of Reshamwala is an individual over eighteen years of age, residing and domiciled in Hillsborough County, Florida, an Indian (East Asian-American) male, and is otherwise sui juris.

4. Defendant Marriott Hotel Services, LLC is owner and operator of the Tampa Marriott Water Street Hotel & Marina located in Tampa, Florida.

## JURISDICTION AND VENUE

5. Venue is proper in this Judicial Circuit as all the events arising out of this cause arose in this Judicial District, and all Parties are located there. Venue of this action is proper pursuant to 28 U.S.C. § 1391(b).

6. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

7. Supplemental jurisdiction for state law claims is conferred by 28 U.S.C. § 1367, as the Plaintiff's state claims arise out of a common nucleus of operative facts, as more fully set forth below.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8. Reshamwala is a dark-skinned, Indian/East Asian-American male.

9. Reshamwala entered into a long-term lease (the "Slip License Agreement"; Exhibit A) with Marriott to dock his boat vessel at a designated marina slip ("Slip 19") in Tampa, Florida.

10. The contractual and property rights acquired by Reshamwala under the Slip License Agreement also gave him parking space for a motor vehicle.

11.     Reshamwala was subjected to routine discrimination and retaliation by Marriott management employees Walter Sauers ("Sauers") and Brian Agliano ("Agliano").

12.     Sauers and Agliano trespassed upon Reshamwala's boat and vandalized Indian national flags and religious-based symbolic lighting.

13.     When Reshamwala complained of discrimination, including the filing of a discrimination charge with the Florida Commission on Human Relations in June 2023, Marriott escalated its discrimination and retaliated against Reshamwala.

14.     Marriott further proceeded to inform Reshamwala that it did not intend to renew the Slip License Agreement.

15.     While not an exhaustive list, Marriott's additional discriminatory and retaliatory acts consisted of issuing multiple violations attributable to excessive noise; non-renewal of the slip agreement; insistence upon demonstrating a sea-worthy vessel; judicial eviction proceedings.

16.     Official eviction proceedings filed by Marriott in Hillsborough County, Florida are now a matter of public record and have adversely affected Reshamwala's professional reputation, and also his ability to secure business and personal credit, along with residential rental lease(s).

17.     Marriott's pursuit of the discriminatory eviction has further prohibited Mr. Reshamwala from access to his boat, and caused apprehension of trespass and potential criminal prosecution.

18.     The totality of Marriott's, and its management employees, conduct has dissuaded Reshamwala, from accessing the marina, and the associated properties and amenities, and has further caused him anxiety and depression

**COUNT I — <u>UNLAWFUL RACE DISCRIMINATION (42 U.S.C. § 1981)</u>**

19.     Reshamwala re-alleges and incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20.     Marriott intentionally, and vicariously, violated the rights of Reshamwala to make and/or enforce a contract by discriminating against him on the basis of race under 42 U.S.C. § 1981.

21.     Reshamwala has suffered damages as a result of Marriott's unlawful actions.

22.     Marriott's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Reshamwala, entitling Reshamwala to punitive damages.

**WHEREFORE**, Reshamwala respectfully requests that the Court enter judgment in his favor and award the following relief:

A.     An Order declaring that Marriott violated his civil rights under § 1981;

B.     Compensatory and punitive damages in an amount to be determined at trial to compensate him for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, loss of enjoyment of life, and detrimental impact on his health caused by Marriott's unlawful actions;

C.     The attorneys' fees and costs incurred by him; and

D.     Such other legal, injunctive, and equitable relief as may be just and appropriate for violations of § 1981, including an award of punitive damages, and injunctive relief requiring Marriott to create new policies and procedures to address discrimination.

### COUNT II — UNLAWFUL RACE DISCRIMINATION (42 U.S.C. § 1982)

23.     Reshamwala re-alleges and incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

24.     Marriott intentionally, and vicariously, violated the rights of Reshamwala to make and/or enforce a contract by discriminating against him on the basis of race under 42 U.S.C. § 1982.

25.     Reshamwala has suffered damages as a result of Marriott's unlawful actions.

26.     Marriott's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Reshamwala, entitling Reshamwala to punitive damages.

**WHEREFORE**, Reshamwala respectfully requests that the Court enter judgment in his favor and award the following relief:

A.     An Order declaring that Marriott violated his civil rights under § 1982;

B.     Compensatory and punitive damages in an amount to be determined at trial to compensate him for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, loss of enjoyment of life, and detrimental impact on his health caused by Marriott's unlawful actions;

C.      The attorneys' fees and costs incurred by him; and

D.      Such other legal, injunctive, and equitable relief as may be just and appropriate for violations of § 1982, including an award of punitive damages, and injunctive relief requiring Marriott to create new policies and procedures to address discrimination.

## COUNT III — INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

27.     Reshamwala re-alleges and incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

28.     Under the doctrine of vicarious liability/respondeat superior, principal agency and/or agency by estoppel, Marriott is liable for the tortious acts and conduct of its agents, including but not limited to the actions of Sauers and Agliano.

29.     Marriott engaged in deliberate or reckless conduct to inflict emotional distress upon Reshamwala.

30.     Marriott's conduct was outrageous.

31.     Marriott's conduct caused Reshamwala to suffer emotional distress.

32.     Reshamwala's emotional distress was severe.

**WHEREFORE**, Plaintiff requests this Court to enter a judgment against Defendant, an award of damages and prejudgment interest, along with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Reshamwala demands a trial by jury on all counts so triable in this action.

Dated:  June 28, 2025                                    Respectfully submitted,

                                                                        /s/ *Derek P. Usman*
                                                                        Derek P. Usman
                                                                        Florida Bar No. 0120303
                                                                        Email: derek@usmanfirm.com
                                                                        **The Usman Law Firm, P.A.**
                                                                        505 East Jackson Street, Suite 305
                                                                        Tampa, FL 33602
                                                                        (813) 377-1197 telephone
                                                                        *Attorney for Plaintiff*