UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAYUR RESHAMWALA,

      Plaintiff,

v.                                  Case No. 8:25-cv-1676-WFJ-SPF

MARRIOTT HOTEL SERVS., LLC
d/b/a TAMPA MARRIOTT
WATER STREET HOTEL & MARINA,

      Defendant.

_____/

### **ORDER**

Before the Court is Plaintiff Mayur Reshamwala's Motion for Entry of Clerk's Default Against Defendant Marriott Hotel Services, LLC d/b/a Tampa Marriott Water Street Hotel and Marina ("Marriott") (Doc. 6). For the reasons explained below, Plaintiff's motion is GRANTED.

If service of process by a plaintiff on a defendant is insufficient and a defendant has not waived it, a federal court lacks personal jurisdiction over that defendant, and that defendant has no obligation to answer or "otherwise defend." *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007); *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). Federal Rule of Civil Procedure 4 governs service of process on a limited liability company and provides that service can be completed in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Service of process on a limited liability company in Florida may be completed by "service on its registered agent designated by the

limited liability company." Fla. Stat. § 48.062(2). If a limited liability company designates a registered agent "that is other than a natural person," service of process may be completed "on any employee of the registered agent." Fla. Stat. § 48.091(4).

Following proper service of process on a defendant, Rule 12 requires a defendant to serve an answer on the plaintiff "within 21 days after being served with the summons and complaint" or assert one of the enumerated defenses via motion. Fed. R. Civ. P. 12(a)(1)(A)(i), (b). If an answer or proper motion is not timely served, "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

On July 23, 2025, Plaintiff's process server served a copy of the summons and complaint on Marriott by way of its registered agent, Corporation Service Company, at 1201 Hays Street, Tallahassee, FL 32301 (Doc. 5).[1] The documents were left with Alice Maddox, who the server attested was an employee of Corporation Service Company (*Id.*). As a result, Plaintiff's service on Marriott appears to be adequate under the relevant state laws and federal procedural rules. Marriott's response to Plaintiff's complaint was therefore due August 13,

---

[1] According to Florida Department of State's Division of Corporations, Tampa Marriott Water Street is a fictious name owned by Marriott Hotel Services and Marriott Hotel Services's registered agent is Corporate Service Company located at 1201 Hays Street, Tallahassee, FL 32301. *Application for Renewal of Fictious Name: Tampa Marriott Water St.*, FLA. DEPT. OF STATE'S DIV. OF CORPS., https://dos.sunbiz.org/pdf/10855031.pdf (Dec. 10, 2024); *Foreign Limited Liability Company Amended Annual Report: Marriott Hotel Services, LLC*, FLA. DEPT. OF STATE'S DIV. OF CORPS., https://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument? aggregateId=forl-m23000000989-cea8d468-75fd-4086-bd00-b2d509835d0a&transactionId=m23000000989-ed497958-c288-425a-9a1f-0d2df5526bd1&formatType=PDF (June 12, 2025). The Court takes judicial notice of this information because it originates from a public agency. The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it [ ] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

2025.  To date, Marriott has not filed a response to Plaintiff's complaint failing to otherwise plead or defend this action.  Thus, entry of clerk's default is warranted.

The Court ORDERS:

1) Plaintiff's Motion for Entry of Clerk's Default Against Defendant Marriott Hotel Servs., LLC d/b/a Tampa Marriott Water St. Hotel and Marina (Doc. 6) is **GRANTED**.

2) The Clerk is **DIRECTED** to enter default against Marriott.


**ORDERED** in Tampa, Florida, on August 18, 2025.


SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE